Henry A. Foley, Ph.D. Executive Director Colorado Department of Social Services 1575 Sherman Street Denver, Colorado 80203
Dear Dr. Foley:
It has come to the attention of this office that H.E.W. has areas of concern regarding Colorado's application for child abuse funds under P.L. 93-247. This opinion addresses these issues.
QUESTION PRESENTED AND CONCLUSION
Is the state statutory definition of child abuse less inclusive than the federal definition?
My conclusion is "no."
ANALYSIS
1. The federal definition of child abuse and neglect is "harm or threatened harm to a child's health or welfare by a person responsible for the child's health or welfare." 45 C.F.R. sections 1340.1-2(b). Colorado's definition of child abuse and neglect is "an act or omission . . . which seriously threatens the health or welfare of a child." C.R.S. 1973, 19-10-103(1)(a). Although this definition is stated in different terms than the federal definition, in my opinion Colorado's definition is not any less inclusive than the federal definition.
At least fifteen states include the word "serious" in their definitions, and several of those have received funding under P.L. 93-247. The "Draft Handbook for Determining State Eligibility for a State Grant under Section 4(b)(1) of P.L. 93-247" (1976) specifically indicates that wording requiring that any "substantial risk of harm" be reported would be consistent with federal law. In my opinion, any "substantial risk of harm" must be reported under the Colorado definition. Moreover, since the word "serious" in the Colorado definition modifies the word "threat" rather than the word "harm," the Colorado definition is substantially stronger than those of other states, such as Massachusetts and New York, which have received funding. The wording of C.R.S. 1973, 19-10-102 reinforces that all actual threats and harms must be reported:
 the complete reporting of child abuse is a matter of public concern and . . . it is the intent . . . to prevent any further harm to a child suffering from abuse.
2. The second area of concern is the appointment of a guardianad litem in all abuse cases filed in the court system. C.R.S. 1973, 19-10-113 was amended by H.B. 1266 this session. That section now requires the appointment of a guardian adlitem at the first appearance of any child abuse and neglect case. Thus, a guardian ad litem will be representing every child throughout every stage of the proceeding within the child abuse and neglect legal system.
3. A third area involves confidentially of records. C.R.S. 1973, 19-10-115(b) and (i) allow a "court" to release records for good cause. Although "court" is not defined, "court" as used in this context does not mean any court in this state. Of necessity, the word means the court of jurisdiction over either the child or the case. In any proceeding a court having possession of the records is the only court with the power to release the records. Assuming arguendo that a court without jurisdiction orders the records released, the court possessing the records is still required to determine whether good cause exists for any such release. Only a court of subject matter or personal jurisdiction has the actual power to release records.
I hope this opinion is useful in your application for child abuse funds under P.L. 93-247.
SUMMARY
The state statutory definition of child abuse is not less inclusive than the federal definition.
Very truly yours,
 J.D. MacFARLANE Attorney General
CHILD ABUSE STATUTES
C.R.S. 1973, 19-10-103 C.R.S. 1973, 19-10-115
SOCIAL SERVICES, DEPT. OF Other Programs
The state statutory definition of child abuse is not less inclusive than the federal definition.